JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-01449 SB (AFMx) | Date: | July 2, 2021 |
|---|---|---|---|

| Title: | *James Lee v. Hafiz Garbanda et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff James Lee's Application for Default Judgment against Defendant Blumint, LLC. Dkt. No. 17-1 (Application). Defendant did not file an opposition or otherwise appear. For the below reasons, the Motion is GRANTED in part.

### BACKGROUND

Plaintiff suffers from partial paralysis due to a stroke and uses a wheelchair for mobility. Dkt. No. 1 (Compl.) ¶ 4. In or about October and November of 2020, Plaintiff went to Qik Market located at or about 7601 Vineland Ave., Sun Valley, California (Business). Dkt. No. 17-3 (Plaintiff Decl.) ¶ 3. Defendant owns and operates the Business. Compl. ¶ 5. When he arrived, Plaintiff found that the Business did not have a parking space, access aisles, or a ramp that complied with federal and state standards for persons with disabilities. *Id.* ¶ 10. The Business failed to provide a parking identification sign stating "Minimum Fine $250," access aisles level with the parking spaces, a compliant ramp for an access aisle,

and an accessible route from an access aisle to the entrance of the building.  *Id.* ¶¶ 21, 23, 25, 27.  Plaintiff then filed this suit to assert his rights on February 17, 2021.

## **LEGAL STANDARD**

Before a court may rule on a motion for default judgment, it must first determine whether the motion complies with Federal Rule of Civil Procedure 55 and Local Rule 55-1.  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  The motion must set forth:  (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required.  *Id.*

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010) (citation omitted).  The Ninth Circuit has instructed courts to consider seven factors when exercising this discretion:  "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Factual allegations—other than those relating to the damages amount—are considered admitted upon default.  Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  However, a court must still consider whether the complaint contains the required factual support and asserts legally sufficient claims.  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

# ANALYSIS

### A.     Procedural Requirements

As a threshold matter, Plaintiff's Application satisfies the general procedural requirements for a default judgment.  Defendant was served with the Complaint and Summons.  Dkt. No. 13.  But Defendant failed to appear or otherwise respond, and default was entered against Defendant.  Dkt. No. 15.  Plaintiff's moving papers contain the information required by both the Local Rules and the Federal Rules of Civil Procedure; Defendant is not an incompetent person or minor and is not exempted under the Soldiers' and Sailors' Civil Relief Act.  Dkt. No. 17-2 (Kim Decl.) ¶ 3.  Notice of the Application was served on Defendant.  *Id.* ¶ 5; Dkt. No. 17-5.

### B.     Application of *Eitel* Factors

#### 1.     Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if the Court does not enter default judgment.  *PepsiCo*, 238 F. Supp. 2d at 1177.  After Defendant failed to answer or otherwise respond to the Complaint, the Clerk entered default against Defendant on May 20, 2021.  Dkt. No. 15.  Defendant has continued to be nonresponsive since that time.  Denying Plaintiff relief at this point would prejudice him.  Thus, this factor favors default judgment.

#### 2.     Substantive Merits and Sufficiency of the Complaint

*Eitel*'s second and third factors turn on the merits of the plaintiff's substantive claim and the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471-72.  Courts typically evaluate these factors together, looking to whether the plaintiff has "state[d] a claim on which the [plaintiff] may recover."  *PepsiCo*, 238 F. Supp. 2d at 1175 (citations omitted).

The Complaint asserts that the Business lacks an ADA-compliant parking space, access aisles, and ramp.  Compl. ¶ 10.  Specifically, the Complaint alleges Defendant failed to comply with federal and state standards by providing a parking identification sign stating "Minimum Fine $250," access aisles level with the parking spaces, a compliant ramp for an access aisle, and an accessible route from

an access aisle to the entrance of the building. *Id.* ¶¶ 21, 23, 25, 27. These factual allegations are taken as true. *PepsiCo*, 238 F. Supp. 2d at 1175.

### a. The ADA

Plaintiff brings a claim for violation of Title III of the Americans with Disabilities Act (ADA). Compl. ¶¶ 15-28. To prevail on his ADA claim, Plaintiff must prove that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010).

Plaintiff properly alleges these elements. He has established that he is disabled and that the Business is a public accommodation, governed by Title III of the ADA. *See* 42 U.S.C. §§ 12102, 12181, 12182. By failing to provide access aisles level with the parking spaces, a compliant ramp for an access aisle, and an accessible route from an access aisle to the entrance of the Business, Defendant "fail[ed] to remove architectural barriers . . . that are structural in nature, in existing facilities." 42 U.S.C. § 12182(b)(2)(A)(iv); *see Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) ("Examples of architectural barriers that are subject to the ADA include slopes and cross-slopes in a parking lot that are too steep."); *see Bouyer v. Aliav*, 2020 WL 5769081, at *3 (C.D. Cal. July 6, 2020) (concluding that the defendant's property violated the ADA because it lacked compliant curb ramps). However, the Business's lack of "Minimum Fine $250" signage does not, as Plaintiff contends, violate the ADA. The California Building Code requires that parking spots for disabled individuals contain "Minimum Fine $250" signage, not the ADA. Cal. Building Code § 1129B.4; *Gayle v. Borg*, 2020 WL 2334113, at *7, 8 (C.D. Cal. Jan. 27, 2020) (holding that the plaintiff's arguments failed to the extent that they asserted a gas station's lack of minimum fine signage violated the ADA). Overall, however, the allegations in Plaintiff's Complaint relating to the slope and accessibility of the access aisle are sufficient on this unchallenged record to show Defendant violated the ADA.

### b. The Unruh Act

Plaintiff states a claim for violation of the Unruh Civil Rights Act (Unruh Act). Compl. ¶¶ 31-34. The Unruh Act provides that "[a]ll persons . . . no matter what their . . . disability . . . are entitled to the full and equal accommodations,

advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the ADA also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). As Plaintiff has adequately pled a violation of the ADA, he has also sufficiently stated a claim under the Unruh Act.

### c.     The Disabled Persons Act

Plaintiff brings a claim for violation of California's Disabled Persons Act (DPA). Compl. ¶¶ 35-40. The DPA provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to . . . places of public accommodation, . . . and other places to which the general public is invited." Cal. Civ. Code. § 54.1(a)(1). A violation of the ADA also constitutes a violation of the DPA. Cal. Civ. Code § 54.1(d). As Plaintiff has adequately pled a violation of the ADA, he has also sufficiently stated a claim under the DPA.

### d.     Unfair Competition Act

Plaintiff alleges a claim for violation of the Unfair Competition Act (UCL). Compl. ¶¶ 41-44. The UCL (Business and Professions Code §§ 17200 *et seq*.) prohibits "unfair competition" including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Plaintiff sufficiently pleads violations of the ADA, the Unruh Act, and the DPA; therefore, Plaintiff could state a claim under the UCL—assuming he has standing to do so.

To have standing under the UCL, Plaintiff must establish that he "(1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009). Specifically, he must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice." *Kwikset Corp. v. Superior. Ct.*, 51 Cal. 4th 310, 322 (2011) (emphasis in original). "[T]he injury must be economic, at least in part; other forms of injury-in-fact under Article III standing do not suffice." *Lane v. Landmark Theatre Corp.*, WL 1976420, at *38 (N.D. Cal. Apr. 24, 2020) (internal quotations omitted).

Plaintiff alleges that he was "not provided with goods and services provided to other consumers" at the Business. Compl. ¶ 44. However, Plaintiff does not allege—and the Court does not find—that Plaintiff lost either money or property in a transaction as a result of Defendant's failure to comply with the ADA, the Unruh Act, or the DPA. Plaintiff therefore lacks standing to bring a claim under the UCL. *Koussa v. Ming Yeung*, 2017 WL 1208073, at *2 (N.D. Cal. Apr. 3, 2017).

    e.    **Negligence**

Finally, Plaintiff states a claim for negligence on the grounds that "Defendant[] breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act." Compl. ¶ 47. This claim is not well taken. "[I]t is the tort of negligence, and not the violation of [a statute], which entitles a plaintiff to recover civil damages." *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1344 (E.D. Cal. 2020). Because Plaintiff fails to allege any independent breach of a duty of care by Defendant other than violation of the ADA, Unruh Act, and DPA, Plaintiff fails to state a claim for negligence. *Id*.

\*    \*    \*

Because Plaintiff has stated meritorious claims for violations of the ADA, the Unruh Act, and the DPA, the second and third *Eitel* factors, overall, favor default judgment on these claims.

    3.    **Sum of Money at Stake**

The sum of money at stake weighs in favor of default judgment. Plaintiff requests a total sum of $8,440. Application at 6. This sum is comprised of a $4,000 award for alleged violations of the Unruh Act and $4,440 in attorneys' fees and costs. Dkt. No. 17 at 2. Every violation of the Unruh Act shall be "in no case less than four thousand dollars." Cal. Civ. Code § 52(a). As Plaintiff requests the statutory minimum amount of damages under the Unruh Act, a $4,000 award is not unreasonable. *See Scherer v. Vasquez*, 2015 WL 1239266, at *3, 5 (C.D. Cal. Mar. 17, 2015) (entering default judgment and awarding plaintiff the statutory minimum amount of damages under the Unruh Act). The total requested sum and the requested attorneys' fees and costs, moreover, do not weigh against default judgment. *See, e.g., Whitaker v. EQR-Hikari Landlord, L.P.*, 2019 WL 7877335,

at *2 (C.D. Cal. Nov. 8, 2019) (finding a total request of $11,494.50 including $7,494.50 in attorneys' fees and costs appropriate for default judgment).

### 4. Possibility of Dispute Over Material Facts

The next *Eitel* factor—the possibility of dispute over material facts—also weighs in favor of default judgment. "Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *PepsiCo*, 238 F. Supp. 2d at 1175. Defendant has failed to defend against or otherwise dispute Plaintiff's claims and allegations. Therefore, no disputes of material fact preclude granting Plaintiff's Application.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's default may have been the product of excusable neglect. *See id.* at 1177. Defendant was properly served with the Complaint and Summons. Dkt. No. 13 Defendant was also served with Plaintiff's Application. Kim Decl. ¶ 5; Dkt. No. 17-5. Given the two separate instances of notice, it is unlikely that Defendant's failure to appear and litigate this dispute is rooted in excusable neglect. This factor favors default judgment.

### 6. Strong Policy Favoring Decision on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Even with this strong policy, however, when a defendant's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible," entry of default judgment is warranted. *PepsiCo*, 238 F.Supp.2d at 1177. Here, given Defendant's disregard for this action, the Court finds that a decision on the merits is not "reasonably possible." *Eitel*, 782 F.2d at 1472. Thus, this factor does not weigh heavily against a default judgment.

\* \* \*

In sum, the *Eitel* factors weigh in favor of granting default judgment.

### C. Relief Sought

#### a. Injunctive Relief

Plaintiff seeks preliminary and permanent injunction directing Defendant to comply with the Americans with Disability Act and the Unruh Civil Rights Act. Compl., Prayer. A court may grant injunctive relief for violations of the Unruh Act. Cal. Civ. Code § 52.1(c). To be entitled to injunctive relief under the ADA, a plaintiff must demonstrate that the defendant violated the ADA's architectural barriers provision and that removal of the alleged barriers is readily achievable. 42 U.S.C. § 12188(a)(2) ("In the case of violations of section[] 12182(b)(2)(A)(iv) . . . of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ."); *see also* Moreno v. La Curacao, 463 Fed. App'x 669, 670 (9th Cir. 2011).

Plaintiff need not satisfy the other prerequisites generally needed for injunctive relief since "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." Moeller v. Taco Bell, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011) (quoting Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175-76 (9th Cir. 2010)). As discussed above, Plaintiff has stated a viable ADA claim. While he does not specifically allege in his Complaint that removal of the Business's architectural barriers is "readily achievable," he alleges that Defendant may remove them "without much difficulty or expense" and that Defendant is required to remove the barriers. Compl. ¶ 14, 17. Accordingly, Plaintiff is entitled to the injunctive relief he seeks to the extent removal of the barriers is readily achievable. *See* Lopez v. Serrano, 2014 U.S. Dist. LEXIS 119250, at *9 (C.D. Cal. Aug. 26, 2014) ("[W]here plaintiff does not specifically allege that removal of . . . barriers is readily achievable, but alleges that . . . Defendants are required to remove architectural barriers to their existing facilities . . . default judgment [is] warranted.") (internal quotations omitted).

#### b. Damages

Plaintiff seeks an award of $4,000 under the Unruh Act. As noted above, a violation of the Unruh Act provides for the recovery of "in no case less than four thousand dollars." Cal. Civ. Code § 52(a). Thus, his request for the statutory minimum damages for a violation of the Unruh Act is reasonable, and the Court awards $4,000 in damages.

### c. Attorneys' Fees

Finally, Plaintiff seeks $4,440 in attorneys' fees and costs. Kim Decl. ¶ 6. Under Title III of the ADA, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees. *See* 42 U.S.C. § 12205. The Ninth Circuit recently described the procedure that courts in the Central District of California must follow when determining an attorney's fee award for statutory damages when a party defaults:

> If a party seeks a fee "in excess of" the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a "reasonable" fee. That process does not describe a "modification" of the schedule of fees. Rather, it prescribes an alternative process when a party invokes it in the proper way at the proper time. When a party invokes that process, the court is obliged to calculate a "reasonable" fee in the usual manner, without using the fee schedule as a starting point.

*Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). In *Vogel*, the court held that "the district court misinterpreted Local Rule 55-3 and abused its discretion . . . [b]y treating the fee schedule as presumptively reasonable, rather than using the lodestar approach to calculate a presumptively reasonable fee" and awarding $600 in attorneys' fees, which was a fraction of the requested amount for the achievement of "excellent results." *Id.* at 1161. The Ninth Circuit emphasized that "[i]n a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court." *Id.* at 1160.

But *Vogel* cautions that courts must "strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel . . . [and] [t]he way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Id.* at 1158 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). To avoid a windfall in this case, the Court applies the lodestar approach "by determining how many hours were reasonably expended on the litigation, and then multiply[ing] those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111. While the Court is required to explain its rationale, if the difference between the requested fees and the court's award is relatively small, "a somewhat cursory explanation will suffice." *Id.*

Here, counsel for Plaintiff, Jason Kim, states that he expended eight hours of work on Plaintiff's case at a rate of $500 per hour. Kim Decl. ¶ 6. Mr. Kim has been in practice for over twenty years. *Id.* ¶ 2. On this unopposed record, the Court will credit the $500 hourly rate for Mr. Kim's services as reasonable. *See Kwon v. Sung-Eun Corp.*, 2021 U.S. Dist. LEXIS 26611, at *10 (C.D. Cal. Feb. 9, 2021).

The Court does not find, however, that Mr. Kim's expenditure of eight hours of time on Plaintiff's case is reasonable. Mr. Kim identifies six tasks he completed to litigate Plaintiff's case but does not identify how much time was spent on each individual task—rendering it impossible for the Court to determine if the hours expended were excessive. Kim Decl. ¶ 6. This is not the first time counsel has failed to provide adequately detailed billing information when seeking default judgment in an ADA case. In *Kwon*, the Honorable Cormac J. Carney observed that Mr. Kim had not provided a sufficiently detailed billing statement. Judge Carney further found that it was unreasonable for Mr. Kim to spend eight hours on a boilerplate ADA complaint and motion for default judgment; he reduced Mr. Kim's requested fees by 50 percent. *Kwon*, 2021 LEXIS 26611, at *11. In *Lee v. Winebright Warner LLC*, 2021 U.S. Dist. LEXIS 72338, at *11 (C.D. Cal. Apr. 13, 2021), the court reached a similar conclusion. Judge Carney—who had previously warned Mr. Kim against submitting such declarations in *Kwon*—imposed a 75 percent reduction in Mr. Kim's requested fees. *Id.* at *11. Here, the Court finds that counsel was repeatedly cautioned against making such vague and conclusory statements in support of his requests for fees in nearly identical cases. Yet Mr. Kim continued to submit deficient declarations. The Court therefore elects to reduce the requested fees to $2,000 based on an assessment of a reasonable amount of time necessary to do the boilerplate work done in this case.

The Court finds Plaintiff's request for $440 in costs reasonable.

In sum, the Court calculates the lodestar as Plaintiff's requested fees but reduces it by 50% ($2,000). The Court awards attorneys' fees in the amount of $2,000 plus $440 in costs for a total of $2,440 in attorneys' fees and costs.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Application in part. Judgment shall be entered as follows:

- Defendant is **ORDERED** to provide access aisles level with its parking spaces, a compliant ramp for its access aisle, and an accessible route from an access aisle to the entrance of its building in compliance with the ADA and ADA guidelines to the extent that the removal of these barriers is readily achievable under the ADA standards;

- Plaintiff is **AWARDED** $4,000 in statutory damages;

- Plaintiff is **AWARDED** $2,440 in attorneys' fees and costs; and

- Plaintiff is **ORDERED** to mail a copy of this order and the judgment concurrently filed therewith to Defendant. Plaintiff shall file Proof of Service by **July 23, 2021**.

**IT IS SO ORDERED**.